**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **HERMAN HALE, et al.,** | ) | Case No. 1:10 CV 00867-DAP |
| | ) | |
| Plaintiffs, | ) | Judge Dan Aaron Polster |
| | ) | |
| vs. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| **ENERCO GROUP, INC., et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

This case is before the Court upon the following fully briefed motions:

1. Defendants Enerco Group, Inc., Enerco Technical Products, Inc., Mr. Heater, Inc. and Tractor Supply Company's Motion to Dismiss the First Amended Class Action Complaint ("Enerco's Motion") (**Doc #: 39**); and

2. Defendants CSA America, Inc. and CSA America, Inc. dba CSA International, Inc.'s Motion to Dismiss the First Amended Complaint ("CSA's Motion") (**Doc #: 40**).

Having reviewed the briefs and the record, for the reasons to follow, the Court **DENIES** both motions.

**I. Background**

Pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3), Plaintiffs Herman Hale and Tommy Jackson bring this putative class action on behalf of themselves and the following class:

> All persons who purchased and still own a Mr. Heater LP-Gas Fired Room Heater at any time during the years 2005 to the present in the State of Ohio as well as any other state in the United States.

(Doc #: 36, First Am. Compl. ¶ 29.)  Plaintiffs bring their claims against Defendants Enerco Group, Inc., Enerco Technical Products, Inc., and Mr. Heater, Inc. (collectively, "the Enerco Defendants" or "Enerco"), Defendant CSA America, Inc. and CSA America, Inc., d/b/a CSA International, Inc. (collectively, "CSA"), and Defendant Tractor Supply Company ("Tractor Supply").  (Id. at. ¶¶ 13-18).

Plaintiffs allege the following facts in their First Amended Complaint.  Enerco designs, markets, arranges for testing, and sells various models of Gas Fired Room Heaters ("vent-free heaters") both in Ohio and throughout the United States.  (Id. at ¶¶ 2, 23 ).  CSA (otherwise known as the Canadian Standards Association) is a non-profit corporation that tested and certified Enerco's vent-free heaters as compliant with American National Standards Institute ("ANSI") safety and performance standards. (Id. at ¶¶  22, 25).  Enerco incorporated CSA's registered mark denoting compliance with ANSI standards to promote the sale and marketing of vent-free heaters.  (Id.  at ¶¶ 24-25).  Defendant Tractor Supply sells Enerco vent-free heaters.  (Id.  at ¶¶ 18, 27).  Plaintiffs purchased their vent-free heaters from two different Tractor Supply locations in Tennessee.  (Id. at ¶¶ 10-11).

Plaintiffs further allege the following: Enerco and CSA conspired to market defective vent-free heaters to American families, knowing that the units posed a threat of serious harm to person and property, without adequately warning consumers of the hazard.  The vent-free heaters are defectively designed because during the heater's ignition cycle, gas flames often extend or flash outside of the combustion space and the front grill, posing a latent fire hazard to anyone or anything in close proximity to the heater.  (Id. at ¶ 26).  On May 12 and May 19, 2005 at CSA's testing facility, Enerco and CSA jointly conspired to alter a vent-free heater for testing

-2-

purposes by extending the heater's hood to contain the flames. (Id. at ¶¶ 5, 37). On July 15, 2005, CSA issued Enerco a falsified Certificate of Compliance indicating that the heater was compliant with ANSI standard Z21.11.2, which provides that under certain specific conditions, flames shall not flash outside the combustion space of gas-fired room heaters and shall not ignite clothing. (Id. at ¶¶ 4, 37). Enerco subsequently stamped ANSI certification and CSA's imprimatur on the boxes of all vent-free heaters, falsely indicating safety compliance. (Id. ¶ 36). Enerco's representations deliberately mislead merchants and induced suppliers like Defendant Tractor Supply into selling the defective vent-free heaters to consumers in the purported class. (Id. ¶¶ 38-40). Had Plaintiffs known of the defective design, they would have never purchased Enerco's vent-free heaters. (Id. at ¶ 41).

Based on these allegations, Plaintiffs assert the following claims: fraud (Count 1) and conspiracy to defraud (Count 3) against the Enerco Defendants and CSA; negligent design "not sounding in product liability" against the Enerco Defendants (Count 2); and negligent failure to warn against the Enerco Defendants (Count 4). Although named Plaintiffs Herman Hale and Tommy Jackson each purchased only one model of the subject vent-free heaters, they purport to bring this action on behalf of persons who purchased all vent-free heaters with thirty (30) different model numbers. (See Doc #: 36, at 3 ¶ 2.) Plaintiffs seek compensatory damages for the diminished value of their vent-free heaters; punitive damages; attorney's fees and costs; and an Order requiring Enerco to recall and replace all vent-free heaters possessing the same defective design. The Court has reviewed the pending motions (Doc. #s: 39, 40), the opposition briefs (Doc. #s: 41, 42), and the reply briefs (Doc. #s: 44, 45), the attachments thereto and the relevant cases, and is prepared to issue its ruling.

## II. Motion to Dismiss Standard

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint. "The first step in testing the sufficiency of the complaint is to identify any conclusory allegations." *Doe v. Simpson*, No. C-1-08-255, 2009 WL 2591682, at *1 (S.D. Ohio Aug. 19, 2009) (citing *Ashcroft v. Iqbal*, – U.S. –, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009)). 550 U.S. 544, 555 (2009)). "Threadbare recital of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 120 S.Ct. at 1949 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Although the court must accept well-pleaded factual allegations of the complaint as true for purposes of a motion to dismiss, the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " *Simpson*, 2009 WL 2591682, at *1 (quoting *Twombly*, 550 U.S. at 555).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 550). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. More is required than "unadorned, the-defendant-unlawfully-harmed me accusations." *Id*.

### III. Analysis

#### A. Standing

The Enerco Defendants and CSA ask the Court to dismiss Plaintiffs' claims with respect to heater models they do not own. Defendants argue that Plaintiffs lack standing to assert claims on behalf of heater owners that purchased different models than those purchased by

Plaintiffs.[1]  (See Doc. #: 36, at 3 ¶ 2).

"Standing is an integral part of the threshold requirement of Article III of the Constitution that those who seek to invoke the power of the federal courts must allege an actual case or controversy." *Key v. DSW, Inc.*, 454 F.Supp.2d 684, 686 (S.D. Ohio 2006) (citing *O'Shea v. Littleton*, 414 U.S. 488, 494, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974)).  "To satisfy the case or controversy requirement a plaintiff must establish three elements: "(1) an injury-in-fact that is concrete and particularized; (2) a connection between the injury and the conduct at issue-the injury must be fairly traceable to the defendant's action; and (3)[a] likelihood that the injury would be redressed by a favorable decision by the Court." *Id.*  (citing *Courtney v. Smith*, 297 F.3d 455, 459 (6th Cir.2002); *Allen v. Wright*, 468 U.S. 737, 751, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984)).

In addition, in a class action, the named plaintiffs may not rely upon the purported injuries of unidentified members of the class they represent, but must allege and show that they have personally been injured. *Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 40 n. 20, 96 S.Ct. 1917, 48 L.Ed.2d 450 (1976).  If the named plaintiffs do not have standing, they may not seek relief on behalf of themselves or any other class members. *See O'Shea v. Littleton*, 414 U.S. at 494-95, 94 S.Ct. 669.  Accordingly, the Court must dismiss a case if the named plaintiffs do not have standing regardless of whether members of the putative class have suffered injuries. *See Courtney, 297 F.3d at 467* (holding that "[b]ased upon our conclusion that plaintiffs lack standing to bring lawsuit ... they cannot advance the claims of other unnamed individuals").

---

[1]Plaintiff Jackson purchased model number IR30LPT, while Plaintiff Hale purchased a 20,000 BTU heater, Serial No. MHC-705550008011.  (See Doc #: 39-1 at 4 (citing Plaintiffs' Initial Disclosures, Doc #: 34, at 9).)  Plaintiffs' First Amended Complaint states claims on behalf of owners of thirty different heater models.

Upon examination of only the injuries suffered by the named Plaintiffs as alleged in the First Amended Complaint, the Court is satisfied that Plaintiffs have standing. First, Plaintiffs have alleged a present injury in fact as follows. Plaintiffs were defrauded and not warned, and as a result, purchased and own a defectively designed Enerco/Mr. Heater vent-free heater. Second, the alleged injury is traceable to the Defendants because they designed, marketed, certified and/or sold the product. Enerco manufactured, marketed, designed, and supplied the products to retailers. CSA tested and certified the products. Tractor Supply sold the products to the Plaintiffs. Enerco and CSA conspired to defraud Plaintiffs by falsifying the testing of the product. Finally, the alleged injury to the Plaintiffs may be redressed through damages. Plaintiffs have not relied upon the purported injuries of unidentified class members, but have themselves alleged an injury in fact, fairly traceable to Defendants, that may be redressable by a favorable decision of this Court.

The cases cited by Defendants are inapposite. In *Thompson v. Board of Education of Romeo Community Schools,* 709 F.2d 1200 (6th Cir. 1983), a group of teachers sued several school boards regarding medical leave policies. *Id.* at 1204. The Sixth Circuit held that the named plaintiffs did not have standing against school boards that had never employed them because their injuries were not fairly traceable to those school boards. *Id.* In the present case, the Plaintiffs have alleged a direct injury by these Defendants. Defendants also cite *In re Worldcom, Inc*., 343 B.R. 412, 420 (Bankr. S.D.N.Y. 2006), in which the court held that the named plaintiff only had standing to sue a telecommunications company on the basis of the phone plan to which he subscribed and not other unrelated plans. The New York Bankruptcy Court noted that the other phone plans were "distinctly different" from the named plaintiff's plan.

*Id.* at n.8. In the present case, Plaintiffs have alleged that all of the models listed in the First Amended Complaint have the very same defect, and that Enerco and CSA engaged in fraudulent conduct with regard to all models.[2] Finally, in *Rosen v. Tennessee Comm'r of Finance & Admin.*, 288 F.3d 918, 928 (6th Cir. 2002), the court held that the class representatives did not have standing because they had not personally suffered injuries. That is not the case here, where Plaintiffs have alleged that they have been personally injured by Defendants' conduct.

**B. Blanket Allegations**

The Enerco Defendants and CSA argue that Plaintiffs have failed to state a claim because they have made "blanket accusations" against "Defendants." The *Twombly* standard requires only that the claimant put forth "enough facts to raise a reasonable expectation that discovery will reveal evidence of [the requisite elements of the claim]." *Twombly*, 127 S.Ct. at 1965. Thus, although "a complaint need not contain 'detailed' factual allegations, its '[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.'" *Ass'n of Cleveland Fire Fighters v. Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Twombly*, 127 S.Ct. at 1965). Therefore, the Court will grant a Rule 12(b)(6) motion to dismiss only in cases where there are simply not "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S.Ct. at 1974.

Defendants cite *Muhammem v. Weis,* 2009 WL 637112, at *2 (E.D. Pa. March 11, 2009) in support of their position that Plaintiffs have plead insufficient facts. However,

---

[2]Should this allegation not be borne out by discovery, Plaintiffs will not be able to serve as class members for any consumers who purchased other models.

*Muhammem* is distinguishable. In that case, the plaintiff asserted broad allegations against 200 defendants. Here, Plaintiffs' allegations are not nearly as sweeping. While Plaintiffs have made allegations that multiple Defendants have engaged in the same conduct, those allegations are plausible and raise a reasonable expectation that discovery will reveal evidence to support their claims. In short, Defendants have adequate notice of Plaintiffs' claims and the grounds upon which they rest.

### C. Common Law Fraud and Conspiracy to Defraud

Enerco and CSA argue that Plaintiffs' fraud and conspiracy to defraud claims, Counts 1 and 3 respectively, fail as a matter of law for two reasons. First, they allege that Plaintiffs have failed to sufficiently plead reliance on Defendants' alleged fraudulent statements. They assert that Plaintiffs have relied on statements made to third parties in support of their fraud claims, whereas Ohio law requires there to be first party-reliance to support such claims. *Wells v. Cook*, 16 Ohio St. 67, 1865 WL 40 syllabus (1865). Second, Defendants argue that Plaintiffs have failed to meet the particularity requirements of Rule 9(b), which governs the pleading of fraud claims.

CSA separately argues in its motion that Plaintiffs' conspiracy to defraud claim fails for additional two reasons. First, they argue that Plaintiffs' have not pled a "malicious combination of two or more persons to injure another person or property, in a way not competent for one alone..." because Plaintiffs failed to allege that either Enerco or CSA could not have acted alone to modify the tested heater. *Orbit Elec., Inc. v. Helm Instrument Co.*, 855 N.E.2d 91, 100 (Ohio Ct. App. 2006) (citing *Kenty v. TransAmerica Premium Ins. Co.*, 650 N.E.2d 863 (Ohio 1995). Second, CSA asserts that since Plaintiffs' common law fraud claim should be

-8-

dismissed, as discussed *supra*, there is no underlying unlawful act on which to base Plaintiffs' conspiracy claim.

"In complying with Rule 9(b), a plaintiff, at a minimum, must "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *U.S. ex. rel Bledsoe v. Cmty. Health Sys., Inc.,* 342 F.3d 634, 642 (6th Cir. 2003) (quoting *Coffey v. Foamex L.P.*, 2 F.3d 157, 161-62 (6th Cir.1993) (internal quotation marks and citations omitted). "Essentially, the amended complaint should provide fair notice to Defendants and enable them to "prepare an informed pleading responsive to the specific allegations of fraud." *Id.* (quoting *Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 322 (6th Cir.1999)). "Rule 9(b) does not require omniscience; rather, the Rule requires that the circumstances of the fraud be pled with enough specificity to put defendants on notice as to the nature of the claim**.**" *Michaels Bldg. Co. v. Ameritrust Co.*, N.A., 848 F.2d 674, 679 (6th Cir.1988).

In Ohio, a civil conspiracy consists of the following: (1) a malicious combination; (2) two or more persons; (3) injury to person or property; and (4) existence of an unlawful act independent from the actual conspiracy. *Universal Coach, Inc. v. New York City Transit Auth., Inc.,* 629 N.E.2d 28, 33 (Ohio Ct. App. 1993) (citing *Minarik v. Nagy*, 193 N.E.2d 280 (Ohio Ct. App. 1963)). The unlawful act element essentially states the rule that there must be an underlying unlawful act that is actionable in the absence of conspiracy. *Gosden v. Louis*, 687 N.E.2d 481, 497 (Ohio Ct. App. 1996) (citing *Palmer v. Westmeyer*, 549 N.E.2d 1202, 1207-08 (Ohio Ct. App. 1988) (explaining the meaning of the phrase "in a way not competent

-9-

for one alone")).  An otherwise lawful act is not made actionable merely because two or more persons have joined together to commit it in hopes of causing injury.  *Id.*  Furthermore, the alleged unlawful act need not be committed by each of the alleged co-conspirators acting jointly, rather "the unlawful acts of any one member of the conspiracy will satisfy the "underlying unlawful act" requirement."  *Automotive Finance Corp. v. WW Auto*,  No. 2:04-CV-261, 2005 WL 1074331, *4 (S.D.Ohio April 20, 2005) (quoting *Williams v. Aetna Fin. Co.*, 700 N.E.2d 859, 868 (Ohio 1998)).

The elements of fraud are: (1) a representation or, where there is a duty to disclose, concealment of a fact, (2) which is material to the transaction at hand, (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (4) with the intent of misleading another into relying upon it, (5) justifiable reliance upon the representation or concealment, and (6) a resulting injury proximately caused by the reliance. *Gaines v. Preterm-Cleveland, Inc.*,  514 N.E.2d 709, 712 (Ohio 1987) (citing *Burr v. Stark Cty. Bd. of Commrs.*,  491 N.E.2d 1101, syllabus para. 2 (Ohio 1986)).  If any of the elements is not proved, the plaintiff cannot recover. *Westfield Ins. Co. v. HULS Am., Inc.*, 714 N.E.2d 934, 951 (Ohio Ct. App. 1998).

Upon careful review of the First Amended Complaint in its entirety, construing all facts in a light most favorable to Plaintiffs, the Court finds that Plaintiffs have satisfied all of the pleading requirements imposed by Rule 9(b) and have sufficiently pled the elements of fraud. The First Amended Complaint provides enough specificity to provide Defendants fair notice of the time, place, manner, and content of the alleged misrepresentations relied on by both third-party merchants and Plaintiffs themselves as consumers, the fraudulent scheme and intent of

Defendants, and the resulting economic injury. Plaintiffs have made the following allegations: (1) Enerco and CSA represented that the vent-free heaters were safe for indoor use and complied with ANSI standard Z21.11.2(b); (2) Plaintiffs would not have purchased Enerco's heaters had they known the ANSI standard compliance statement and use of CSA's "imprimatur" was false; (3) On May 12 and May 19, 2005, at CSA's facility, Enerco and/or CSA deliberately altered a vent-free heater to conceal an unsafe defect for testing purposes, and CSA falsely certified the heaters as safe; (4) Enerco and CSA intended their false representations about the safety of Enerco's heaters to mislead merchants and Plaintiffs, as consumers, on product packaging, in product literature, and during advertising; (5) Plaintiffs, as consumers, justifiably relied upon Enerco's and CSA's representations about the safety of the heaters; and (6) Plaintiffs were injured economically by purchasing the unreasonably dangerous heaters. Because Plaintiffs have sufficiently alleged a claim for fraud, the fraud may serve as the underlying unlawful act to support the conspiracy to defraud claim.

Further, the Court finds that Plaintiffs have sufficiently pled the elements of conspiracy to defraud. Plaintiffs have alleged that Enerco and CSA deliberately agreed to alter the heaters, falsify testing results, falsely certify the heaters, and incorporate this false certification into Enerco's product packaging and other promotional materials with the intent to mislead merchants and Plaintiffs, as consumers. Ohio law does not require that Plaintiffs allege that the heater could not be altered by any one defendant acting alone. Having sufficiently plead the existence of a "malicious agreement," the unlawful act(s) of either Enerco or CSA satisfy the "underlying unlawful act" requirement. *Williams*, 700 N.E.2d at 868.

### D. Common Law Negligent Design and Failure to Warn

-11-

**1.**

The Enerco Defendants argue that Ohio law bars the Plaintiffs' claims for negligent design not sounding in product liability (Count 2) and negligent failure to warn (Count 4) because they seek only economic damages.  Defendants further assert that Plaintiffs' cannot maintain these negligence claims against Defendants because express warranties exist that provide adequate remedies for the economic losses allegedly suffered by Plaintiffs.  Responding, Plaintiffs assert that the economic loss doctrine, which generally prevents recovery of purely economic damages on the basis of negligence, does not apply in this case for two reasons.  First, they argue that the First Amended Complaint seeks not only economic damages, but any other relief applicable at law or equity, including an order compelling a recall of all non-vented heaters purchased.  Second, they assert that the doctrine only applies to claims by commercial buyers, as opposed to claims by individual consumers.

This Court has previously addressed this issue in *In re Whirlpool Corp. Front-Loading Washer Products Liability Litigation*, 684 F.Supp.2d 942, 949-51 (N.D. Ohio 2009).  The facts and arguments in *Whirlpool* are not unlike those presented here.  In *Whirlpool*, individual consumers filed a class action suit seeking economic damages against the manufacturer of an allegedly defective product (a washing machine). *Id.* at 949.  The plaintiffs' claims included, but were not limited to, tortious breach of warranty, negligent design and failure to warn.  The defendant, citing *Chemtrol Adhesives, Inc. v. Am. Mfrs. Mut. Ins. Co.,* 537 N.E.2d 624, 630 (Ohio 1989), moved to dismiss the plaintiffs' negligent design and failure to warn claims, arguing that those claims were barred by the economic loss doctrine. *Id.*  The plaintiffs argued in response "that courts applying Ohio law have limited the doctrine or at least

refused to apply it to claims made by individual consumers." *Id.*

After a thorough review of *Chemtrol Adhesives* and its progeny, the court concluded that the application of the economic loss doctrine by Ohio courts depends not only upon the identity of the parties, but upon the "foundational doctrinal distinction" of privity of contract. *Id.* The court found that in cases of contractual privity, the "courts apply a strong version of the economic loss rule." *Id.* However, in cases where "the parties are not in privity of contract, the courts apply a more relaxed rule, allowing individual consumers to bring negligence claims for solely economic injuries." *Id.* The court found that this exception is not limited to claims for tortious breach of warranty, but includes claims for negligent design and failure to warn. *Id.* at 950.

The Plaintiffs in this case assert precisely the same common-law claims. The case law indicates "that in Ohio, "ordinary consumers" who lack privity with a product's manufacturer may bring a claim for negligent design and failure to warn even though they plead only economic losses." *Id.* at 950-51 (citations omitted). In so far as Plaintiffs' Second Amended Complaint seeks damages in addition to economic losses, Plaintiffs' claims for negligent design and failure to warn are preempted by Ohio Products Liability Law, R.C. 2307.71 et seq. *LaPuma v. Collinwood Concrete*, 661 N.E.2d 714, syllabus para. 1 (Ohio 1996); *Doty v. Fellhauer Elec., Inc.*, 888 N.E.2d 1138, 1142 (Ohio Ct. App. 2008) ("Regarding R.C. 2307.71, the General Assembly stated that [as of April 7, 2005] it is intended to supersede the holding of the Ohio Supreme Court in *Carrel v. Allied Products Corp.*, 78 Ohio St.3d 284 (1997), that the common-law product liability cause of action of negligent design survives the enactment of the Ohio Product Liability Act, sections 2307.71 to 2307.80 of

the Revised Code, and to abrogate all common law product liability causes of action."). Ohio R.C. § 2307.72 (C) provides, however, that, "Any recovery of compensatory damages for economic loss based on a claim that is asserted in a civil action, other than a product liability claim, is not subject to sections 2307.71 to 2307.79 of the Revised Code, but may occur under the common law of this state or other applicable sections of the Revised Code."  Thus, Plaintiffs' common law negligent design and failure to warn claims, not sounding in products liability law, survive dismissal, but only to the extent that Plaintiffs seek economic damages. *Whirlpool*, 684 F.Supp.2d at 951.

**2.**

Next, the Enerco Defendants argue that Plaintiffs have failed to sufficiently plead their negligent failure to warn claim (Count 4) against Tractor Supply.  Defendants assert that Plaintiffs have failed to specify with sufficient detail the nature of the complaints received by Tractor Supply that gave rise to the alleged duty to warn.

Under Ohio law, "[a] failure-to-warn claim requires (1) a duty to warn, (2) a breach of that duty, and (3) injury proximately resulting from the breach. *Doe v. SexSearch.com*, 551 F.3d 412, 420 (6th Cir. 2008) (citing *Freas v. Prater Constr. Corp.*, 573 N.E.2d 27, 30 (Ohio 1991);  *Temple v. Wean United, Inc.*,  364 N.E.2d 267, 273 (Ohio 1977) ("In Ohio, the case law has established that a manufacturer or vendor is negligent when he has knowledge of a latent defect rendering a product unsafe and fails to provide a warning of such defect.")(citations omitted).

Plaintiffs allege that: (1) Tractor Supply had a duty to warn Plaintiffs and other consumers about the fire hazard posed by the defective vent-free heaters; (2) Tractor Supply

-14-

learned of the fire hazard through "voluminous consumer complaints" received between 2005 and the present and failed to disclose this risk to consumers; and (3) Tractor Supply's failure actually and proximately cause Plaintiffs' economic loss because they never would have purchased the vent-free heaters in the first place had they known of the dangerous defect. Plaintiffs' First Amended Complaint adequately pleads all of the elements of a failure to warn claim and "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625 (6th Cir. 2009) (quoting *Iqbal*, 129 S.Ct. at 1949).  Whether the complaints received contain sufficient evidence to prove Tractor Supply's knowledge is a matter to be borne out by discovery.

## IV.  CONCLUSION

Based on the foregoing, the Court **DENIES** Defendants Enerco Group, Inc., Enerco Technical Products, Inc., Mr. Heater, Inc. and Tractor Supply Company's Motion to Dismiss (**Doc #: 39**); and **DENIES** Defendants CSA America, Inc. and CSA America, Inc. dba CSA International, Inc.'s Motion to Dismiss (**Doc #: 40**).


**IT IS SO ORDERED.**


*/s/ Dan A. Polster     January 5, 2011*
**Dan Aaron Polster
United States District Judge**